# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| PRIANKA BOSE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 2:16-cv-02308-JTF-tmp |
| ) | |
| ROBERTO DE LA SALUD BEA ) | |
| and RHODES COLLEGE, ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY FINAL JUDGMENT AS TO CLAIM FOR TITLE IX RETALIATION AND TO STAY TRIAL PENDING APPEAL, OR IN THE ALTERNATIVE, PLAINTIFF'S MOTION FOR INTERLOCUTORY APPEAL

Before the Court is Plaintiff Prianka Bose's Motion to Certify Final Judgment as to Claim for Title IX Retaliation and to Stay Trial Pending Appeal, or in the Alternative, Plaintiff's Motion for Interlocutory Appeal; the Motion was first filed on April 26, 2018, and subsequently refiled on April 27, 2018. (ECF Nos. 156 & 158.) Defendant Rhodes College filed its Response in Opposition to Plaintiff's Motion on May 10, 2018. (ECF No. 159.) For the foregoing reasons, the Court finds that Plaintiff's Motion should be DENIED.

## FACTUAL BACKGROUND

This case arises out of allegations lodged between a student and teacher of a private university and the events initiated in response to those allegations. On May 6, 2016, after being expelled from Rhodes College, Plaintiff Prianka Bose filed this lawsuit against Rhodes College and Roberto de la Salud Bea (a professor at Rhodes College) alleging a number of claims, including breach of contract claims and a Title IX claim for retaliation. (*See* ECF No. 1, 7–13.)

On February 27, 2018, after Defendants filed its Motion for Summary Judgment, the Court issued its Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment. (ECF No. 149.) In its Order, the Court, in part, ruled that Defendant Bea's alleged retaliatory motive could not be imputed to Defendant Rhodes College under a "cat's paw" theory because such a "constructive notice" theory is not applicable in the context of Title IX. (ECF No. 149, 11.) On the same day, this Court also continued the previously scheduled trial in the present matter. (ECF No. 150.) After reconsidering its ruling a few days later, on March 2, 2018, the only remaining claim not dismissed by this Court was Plaintiff's breach of contract for failure to investigate pursuant to an agreement between the parties.

The trial for the present matter was then rescheduled for August 27, 2018. (ECF No. 153.) Thereafter, on April 26 and April 27 of 2018, Plaintiff filed the instant Motion to Certify Final Judgment as to Claim for Title IX Retaliation and to Stay Trial Pending Appeal, or in the Alternative, Plaintiff's Motion for Interlocutory Appeal. Defendant Rhodes filed its Response in opposition, and the matter is now before the Court. In her Motion, Plaintiff seeks review of this Court's legal determination that her Title IX retaliation claims fails because the "cat's paw" theory of liability used by Plaintiff—a theory used to hold a decisionmaker liable through principles of vicarious liability or constructive notice for a decision tainted by the animus of a non-decisionmaker—is, in essence, based on principles of *respondeat superior* and/or constructive notice not applicable in the Title IX context.

## **LEGAL STANDARD**

Rule 54(b) of the Federal Rules of Civil Procedure permits immediate review of certain district court orders prior to the ultimate disposition of a case. *Gen. Acquisition v. Gencorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). In pertinent part the Rule provides as follows:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54.

"[A]lthough this rule relaxes the finality requirement for appellate review, it does not allow for immediate appeal of every action taken by the district court." *Novacor Chems. v. GAF Corp.*, 164 F.R.D. 640, 645 (E.D. Tenn. 1996). "Certification under Rule 54(b) requires a district court, first, to expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case and, second, to expressly determine that there is 'no just reason' for delay." *Id.* (quoting *Gen. Acquisition*, 23 F.3d at 1026). These requirements must be considered individually. *Id.*

In determining whether a judgment is final, courts must decide whether the decision is a "'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims actions.'" *Curtiss-Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 7 (1980) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). "A decision or order which 'does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits' is considered interlocutory." *Novacor Chems.*, 164 F.R.D. at 645 (quoting *In re Merle's, Inc.*, 481 F.2d 1016 (9th Cir. 1973)).

"Generally, the courts insist that the power under Rule 54(b) to make such determination be used only in the infrequent harsh case as an instrument for the improved administration of justice." *Novacor Chems.*, 164 F.R.D. at 646. The policy reasons for this are because piecemeal review is not favored, routinely granting such requests would lead to duplicative litigation, and such determination could adversely affect the administration of justice. *Id.* In this circuit, trial courts are required to consider the following factors when making a Rule 54(b) determination:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Id.* (quoting *General Acquisition*, 23 F.3d at 1029).

The standard for the discretionary granting of an interlocutory appeal is stated in 28 U.S.C. § 1292(b). Section 1292(b) provides in pertinent part as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

Cases applying 28 U.S.C. § 1292(b) list three (3) criteria that must be satisfied to warrant an interlocutory appeal: (1) does the question involve a controlling issue of law (2) as to which there is a substantial ground for difference of opinion (3) that immediate appeal may materially advance ultimate termination of the litigation. *In Re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992). The type of review provided by § 1292(b) "is granted sparingly and

4

only in exceptional cases." *Sloan v. Borgwarner, Inc.*, No. 09-cv-10918, 2014 U.S. Dist. LEXIS 198939, at *2 (E.D. Mich. May 28, 2014) (quoting *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002)).

## LEGAL ANALYSIS

*Fed. R. Civ. P. 54(b)*

The Court finds that Plaintiff's request to certify final judgment as to her Title IX retaliation claim and to stay the instant trial pending appeal should be DENIED because Plaintiff does not satisfy the requirements of Fed. R. Civ. P. 54(b). The Court addresses each Rule 54(b) factor below. As an initial matter, the Court concludes that its summary judgment Order that Plaintiff now attempts to appeal is indeed a final judgment because it is a decision upon a cognizable claim for relief entered in the course of a multiple claims actions that serves as an ultimate disposition of individual claims, including Plaintiff's Title IX retaliation claim.

    a.   The relationship between the adjudicated and unadjudicated claims

The Court finds that a similarity of factual issues weighs against an entry of final judgment under Rule 54(b). *See Novacor Chems*, 164 F.R.D. at 647. "Under the first factor, the claims upon which the party seeks final judgment 'should generally be separate and independent [from the other claims remaining] so that the appellate court will not have to consider the same issues again if a second appeal is brought.'" *Johnson v. Synovus Bank*, No. 2:14-cv-2950-STA-dkv, 2015 U.S. Dist. LEXIS 109411, at *4 (W.D. Tenn. Aug. 19, 2015). This examination is mainly focused on how closely related the claims are and whether they stem from essentially the same factual allegations. *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 62 (6th Cir. 1986).

In the instant case, Plaintiff's breach of contract claim and Title IX retaliation claim are too interrelated to support an entry of final judgment by this Court. Although, as Plaintiff

contends, the underlying facts of the two claims are in many regards distinct (as a temporal and technical matter), (ECF No. 158, 6), the Court finds that enough factual overlap underlies the two claims to hold that their factual bases stem from essentially the same factual allegations. This is evident by considering the conclusions a jury could make on the merits of Plaintiff's breach of contract claim.

Suppose a jury found that Defendant Rhodes breached the instant contract with Plaintiff by failing to investigate Plaintiff's retaliation claim. Such a finding, in the eyes of a reasonable jury, could support the conclusion that, if the cat's paw theory of liability applies under Title IX, Defendant Rhodes expelled Plaintiff based solely on reasons related to Defendant Bea's alleged discriminatory motive, not its independent findings through an independent investigation. *Compare Marshall v. Rawlings Co. LLC*, 854 F.3d 368, 377 (6th Cir. 2017) (noting that under the cat's paw theory, the discriminatory or retaliatory animus of a non-decisionmaker is imputed to a decisionmaker where the non-decisionmaker uses the decisionmaker as a dupe in a deliberate scheme to trigger a discriminatory or retaliatory action), *with Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1193 (2011) (noting that under a cat's paw theory of liability, as applied in an employment discrimination suit, if a decisionmaker undertakes an investigation which results in an adverse action for reasons unrelated to the supervisor's original biased action, the employer will not be liable). Likewise, if a jury determined that Defendant Rhodes did not contractually fail to investigate Plaintiff's retaliation claim, then such a finding could render Plaintiff's claim invoking the cat's paw theory of no avail insofar as the finding supports the conclusion that Defendant Rhodes expelled Plaintiff based on the independent findings of its own investigations apart from Defendant Bea. These examples demonstrate that although the breach of contract and Title IX retaliation claims are essentially separate, they stem from the same factual allegations

and are certainly not wholly independent of each other. Thus, the Court finds that the first factor disfavors an entry of final judgment here.

    b. The need for review might be mooted by future developments in the district court

The Court determines that consideration of the second factor—whether "the need for review might or might not be mooted by future developments in the district court"—weighs more in favor of entering a final judgment in the present matter pursuant to Rule 54(b). First, although pending in the present case are Motions in Limine as well as a Motion to Exclude and a Motion to Strike, it appears that a ruling on these Motions would not moot Plaintiff's Title IX claim. Moreover, with the Court having already made summary judgment determinations on all the claims in the instant case and the parties having completed discovery, the only proceeding left on the remaining breach of contract claim is trial. Given this and the fact that Plaintiff's Title IX claim presents a purely legal question, entry of a final judgment by this Court is favored. s*ee Mead Corp. v. Apfel*, 128 F. Supp. 2d 1096, 1103 (S.D. Ohio Jan. 10, 2001). On the other hand, the Court's previous determination that the basis and/or outcome of Plaintiff's breach of contract claim and basis and/or outcome of Plaintiff's Title IX retaliation claim are not completely distinct, favors a finding that the Rule 54(b) Motion should not be granted. Nonetheless, the Court finds that the former considerations favoring entry of final judgment outweigh any contrary findings.

    c. The possibility that the reviewing court might be obliged to consider the same issue a second time

The Court finds that a consideration of the likelihood that the reviewing court will need to consider the same issue a second time favors entry of a final judgment in this case. As previously noted, Plaintiff's remaining breach of contract claim is not wholly unrelated to the

issue(s) or question(s) presented by Plaintiff's Title IX claim. Even so, Plaintiff's Title IX claim presents a purely legal question that is distinct from any appealable issue that would likely arise post judgment. Thus, as Plaintiff contends, appellate "review will decide what issues may be tried and a subsequent appeal of the same issue would be untenable as th[e] holding by the appellate court on th[e] earlier appeal would be controlling regardless of the outcome of trial[,]" (ECF No. 158, 6). *See In re Fifth Third Early Access Cash Advance Litig.*, No. 1:12cv851, 2018 U.S. Dist. LEXIS 51302, at *11 (S.D. Ohio Mar. 28, 2018) ("There is no possibility that the reviewing court might be obliged to consider the same issue a second time. The contract claims turn on a question of law which is separate[.] The issues decided in any interlocutory appeal would be different from the issues decided in an appeal after judgment."); *see also BP Prods. North America, Inc. v. Premier Oil Co., LLC*, No. 2:11-cv-2162-JPM-cgc, 2013 U.S. Dist. LEXIS 64889, at *32 (W.D. Tenn. May 7, 2013); *Mead Corp. v. Apfel*, 128 F. Supp. 2d 1096, 1104 (S.D. Ohio 2001). Thus, the Court concludes that this third factor favors an entry of final judgment here.

    d. The presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final

With regard to set-off, the parties have not identified the presence or absence of a pending claim or counterclaim which could result in a set-off against the judgment made final by the district court. *In re Fifth Third Early Access Cash Advance Litig.*, No. 1:12cv851, 2018 U.S. Dist. LEXIS 51302, at *11–12 (S.D. Ohio Mar. 28, 2018). To the extent a set-off against any amounts due and owing to Plaintiff would weigh against the granting of Rule 54(b) certification, the Court considers this absence of set-off as favoring Rule 54(b) certification.

e. Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like

The Court finds that a balance of the pragmatic concerns of Rule 54(b) weigh against entering a final judgment in the instant case. Plaintiff argues it is inefficient for the parties and Court to enter a final judgment because "if the Court were to deny the instant motion and try only the claim for breach of contract, it would potentially be required to try the case a second time if the Sixth Circuit were to find error in the order on summary judgment." (ECF No. 158, 7.) Defendant disagrees, arguing that Plaintiff fails to submit the potential of any extreme hardship were this Court to not enter a final judgment. (ECF No. 159, 9.) Defendants, instead, submit that an entry of final judgment here would undercut this Court's interest in efficiency and finality because this is a straight forward case where discovery is complete, the Court has already granted summary judgment and set a relatively close trial date, and entry of a final judgment now would likely result in another postponement of trial, *i.e.*, piecemeal litigation, because the appellate court might take the appeal and rule on it after the currently set trial date. (*Id.* at 11–13.)

Attempting to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties, the Court does not find an entry of final judgment appropriate here. While there is a chance, as Plaintiff argues, that proceeding with trial now could result in two trials if this Court's summary judgment decision is reversed on appeal, of course a second trial will not be required if the summary judgment decision is upheld. At the same time, if this Court were to grant Plaintiff's Motion on the issue, there is a possibility of two appeals—an appeal now, a trial following the first appeal, and then a second appeal following the trial (although the second appeal would likely deal with

9

the factual merits of the Title IX claim as opposed to legal merits). Thus, there is a risk of duplication either way. The Court notes that Plaintiff's position, with trial set less than one (1) month out, would delay final resolution of the case. *See* L-7 Designs, Inc. v. Old Navy, LLC, 964 F. Supp. 2d 299, 318–19 (S.D.N.Y. 2013) (persuasively employing same line of reasoning). Although Plaintiff moves to stay the currently set trial date, which if allowed, would negate any argument that a ruling post-trial by the appellate court would lack any instructional value for this Court, the argument does not overcome the likely delay to the final resolution of this case caused by a stay. Thus, Plaintiff has not shown how not entering a final judgment would preclude and/or interfere with relief or the administration of justice, outside the typical delay caused by an appeal and remand of an issue not tried or improperly tried.

As demonstrated above, the facts lend support to different conclusions on whether an entry of final judgment is appropriate here. However, the Court does not find the instant matter to be one of the infrequent, harsh cases where the asserted need(s) of the parties for making review available at this time outweigh the inconvenience caused by potential delay and piecemeal appeals. Accordingly, the Court finds that Plaintiff's request to certify final judgment as to her Title IX retaliation claim and to stay the instant trial pending appeal should be DENIED.

*28 U.S.C. § 1292(b)*

The Court finds that Plaintiff's request for an interlocutory appeal of her Title IX retaliation claim should be DENIED because Plaintiff does not satisfy the requirements of 28 U.S.C. § 1292(b). "Although § 1292(b) does not place a specific limit on the time for filing in the district court a motion to certify a ruling for interlocutory appeal, courts have determined that a reasonableness standard applies to the timeliness issue in the district court." *Sloan v.*

*Borgwarner, Inc.*, 2014 U.S. Dist. LEXIS 198939, at *2.  To make this determination, some courts within this circuit have analogized the § 1292(b) timeliness issue with the time frame applicable to certain post-judgment deadlines.  *See McKinstry v. Sergent*, No. 11-133, 2012 U.S. Dist. LEXIS 122344, 2012 WL 3731304, at *4 (E.D. Ky. Aug. 28, 2012).   As a point of reference, the Court notes that courts across the nation routinely find that a delay of two (2) months or more in filing a motion to certify an order for interlocutory appeal is unreasonable.  *See id.* at *3 (providing a number of cases both within and outside of this circuit supporting the proposition).

  Here, the Court entered its Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment on February 27, 2018.  (ECF No. 149.)  Thereafter, on March 2, 2018, Defendant Rhodes filed its Unopposed Motion for Revision of Interlocutory Order, to which this Court issued an Order on March 12, 2018.  (ECF Nos. 151 & 152.)  Plaintiff did not file its first request for an Interlocutory Appeal until April 26, 2018—fifty-five (55) days after this Court's entry of an Order on Defendants Unopposed Motion for Revision of Interlocutory Order and fifty-eight (58) days after this Court's entry of its Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment.  Considering even the delay more favorable to Plaintiff—fifty-five (55) days—the Court still finds that the delay is unreasonable under the circumstances.  Such a delay does not comport with similar post-judgment deadlines under the Federal Rules of Civil Procedure.  *McKinstry*, 2012 U.S. Dist. LEXIS 122344, at *10; *see, e.g.*, Fed. R. Civ. P. 50(d) (requiring a motion for a new trial to be filed within twenty-eight days); Fed. R. Civ. P. 59(e) (requiring motions to alter or amend a judgment to be filed within twenty-eight days).  Furthermore, Plaintiff does not offer any reason for this delay, *Sloan*, 2014 U.S. Dist. LEXIS 198939, at *4, and it does not appear to the Court that length or complexity of the

Court's Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment would justify such a delay. *See McKinstry*, 2012 U.S. Dist. LEXIS 122344, at *9–10. While the Court does not find this delay dispositive, it considers the delay a factor in deciding whether to exercise its discretion under § 1292(b). *Sloan*, 2014 U.S. Dist. LEXIS 198939, at *4.

Timeliness aside, the Court finds, as it relates to satisfaction of the three (3) criteria necessary for an interlocutory appeal under § 1292(b), that even assuming the Court's ruling on Plaintiff's Title IX retaliation claim involves a controlling question of law to which there is a substantial ground for difference of opinion, an immediate appeal would not materially advance ultimate termination of this litigation. *See United States v. Stone*, 53 F.3d 141, 143–44 (6th Cir. 1995) (holding that "'[d]oubts regarding appealability . . . [should be] resolved in favor of finding that the interlocutory order is not appealable'" (quoting *In re Westwood Shake & Shingle, Inc.*, 971 F.2d 387, 390 (9th Cir. 1992)). "An interlocutory appeal will materially advance the litigation if it will 'save substantial judicial resources and litigant expense.'" *In re Regions Morgan Keegan Erisa Litig.*, 741 F. Supp. 2d 844, 849 (W.D. Tenn. 2010) (quoting *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000)). "Under this standard, '[a]n interlocutory appeal is more appropriate early in the proceedings, particularly in protracted and expensive cases, where failure to resolve a question of law early in the case could lead to the placement of an enormous burden on the parties.'" *Id.* (quoting *Black & Decker, Inc. v. Smith*, No. 07-1201, 2008 U.S. Dist. LEXIS 63054, at *10 (W.D. Tenn. Aug. 13, 2008).

In line with the Court's conclusion that the pragmatic concerns of Rule 54(b) weigh against entering a final judgment in the instant case, the Court finds that an interlocutory appeal would not appear to materially advance the ultimate termination of this litigation, if at all. While

there is a chance, as Plaintiff argues, that proceeding with trial now could result in two trials if this Court's summary judgment decision is reversed on appeal, a second trial will not be required if the summary judgment decision is upheld.  At the same time, if this Court were to grant Plaintiff's Motion on the issue, there is a possibility of two appeals.  Thus, there is a risk of duplication either way, and with trial set less than two (2) months out, Plaintiff's position will likely serve only as a delay in the final resolution of the case.

This conclusion is bolstered by the fact that this case is late in the proceedings—the Court made summary judgment determinations on all the claims before it, the parties completed discovery, and the only proceeding left on the remaining breach of contract claim is trial.  To the extent an interlocutory appeal could potentially materially advance termination of this litigation, the Court finds that such a possibility is too speculative in the instant case and notes that review under §1292(b) should only be granted sparingly and only in exceptional cases.  *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

## **CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiff's Motion to Certify Final Judgment as to Claim for Title IX Retaliation and to Stay Trial Pending Appeal, or in the Alternative, Plaintiff's Motion for Interlocutory Appeal is **DENIED**.

**IT IS SO ORDERED** this 30th day of July 2018.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge